**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY EAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1022 |
| | ) | Judge Nora Barry Fischer |
| JOSEPH KOVARIK, MICHELLE | ) | |
| KOVARIK, CASSANDRA MYERS, MG | ) | |
| AUTO SALES, ERIE INSURANCE | ) | |
| PROPERTY AND CASUALTY COMPANY, | ) | |
| BRISTOL WEST INS. CO., FX INSURANCE | ) | |
| AGENCY, LLC, CITY OF HARRISON | ) | |
| TOWNSHIP, AMERICAN AUTOMOBILE | ) | |
| ASS'N EAST CENTRAL INSURANCE | ) | |
| AGENCY INC., JESSICA BACA IDDLINGS, | ) | |
| THOMAS LAFRANKIE, NORTH | ) | |
| PITTSBURGH TOWING INC., FORD | ) | |
| MOTOR COMPANY, BENSON LINCOLN | ) | |
| MERCURY, INC., LUTHER FORD | ) | |
| EBENSBURG, TIMOTHY NECASTRO, | ) | |
| MCGANN AND CHESTER TOWING AND | ) | |
| RECOVERY, LLC, MCGANN AND | ) | |
| CHESTER TOWING, LLC, JACK MAGGS | ) | |
| AGENCY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

Presently before the Court is *pro se* Plaintiff Anthony Eaves' "Application to Proceed in District Court Without Prepaying Fees or Costs," and his attached Complaint, filed on July 15, 2024. (Docket No. 1). Plaintiff brings various causes of action against multiple defendants arising from series of events commencing with a car accident in October of 2021, his subsequent disputes with insurance, auto and towing companies, all of which resulted in his vehicle ultimately

1

being towed and sold at an auction in August of 2022. (*Id*.). After careful consideration of Plaintiff's Complaint and screening his allegations pursuant to 28 U.S.C. § 1915(e)(2), and for the following reasons, Plaintiff's Motion [1] is granted as to his in forma pauperis status only but his Complaint is dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); *see also Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen complaints of all parties proceeding in forma pauperis).   In addition, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6).  *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).   That is, the allegations in a

pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).   However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face."   *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

In this Court's estimation, Plaintiff's Complaint fails to establish the existence of federal jurisdiction such that the Court must dismiss it, without prejudice. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").   To that end, he has checked the boxes for both federal question and diversity jurisdiction on his pro se Complaint and the accompanying civil cover sheet but has not sufficiently demonstrated that this Court may appropriately exercise subject matter jurisdiction over this case.   *See* 28 U.S.C. § 1915(e)(2).

Although Plaintiff generally asserts that he is pursuing a "civil rights" claim against certain of the Defendants and has cited a few constitutional provisions and federal statutes, even providing the most liberal construction to Plaintiff's Complaint, he has not met his burden to present a "nonfrivolous allegation that he […] is entitled to relief under the U.S. Constitution or a federal statute."   *Bizzarro v. First National Bank*, 804 F. App'x 190 (3d Cir. 2020). The Court reaches

this decision for several reasons.

First, "42 U.S.C. § 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials," *Toyota Motor Credit Corp. v. Borough of Wyoming, PA*, No. 3:23-CV-00377, 2023 WL 7412941, at *2 (M.D. Pa. Nov. 9, 2023), but none of the individuals or private entities named as Defendants are state actors subject to suit under § 1983.   *See e.g., Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("to state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor.").   Second, as to the sole municipal entity, "City of Harrison Township," Plaintiff has not pled the existence of a municipal policy or custom that caused the alleged violation of his constitutional rights.   *See e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009).   Indeed, a local municipality "may only be held liable for a § 1983 claim under *[Monell]* if there is an underlying constitutional violation and finding of individual liability." *Ford v. County of Hudson, et al.*, 729 F. App'x 188, 193, n.4 (3d Cir. 2018), and there are no such allegations against any individuals set forth in this Complaint.

Third, none of the federal statutes that Plaintiff has cited support his bringing a private civil lawsuit against the Defendants, including several criminal statutes, the False Claims Act, the Consumer Financial Protection Act, and the McCarron-Ferguson Act.   *See e.g., Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) ("a pro se litigant may not pursue a qui tam action [under the False Claims Act] on behalf of the Government."); *Peeples v. Equifax Info. Servs. LLC*, No. 23-CV-0617, 2023 WL 5916458, at *2 (E.D. Pa. Sept. 8, 2023) ("Numerous courts have held that there is no private cause of action under the CFPA and that the Act is

4

enforceable only by the Bureau of Consumer Financial Protection."); *Bond v. State Farm Ins. Co.*, No. 1:18-CV-00176, 2019 WL 1493698, at *4 (W.D. Pa. Apr. 4, 2019) ("The McCarron-Ferguson Act does not authorize a private cause of action that a policyholder can assert against an insurance carrier."); *Horsch v. Cantymagli*, No. 24-CV-1183, 2024 WL 1444020, at *3 (E.D. Pa. Apr. 3, 2024) (citing *Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018)) ("Criminal statutes generally do not give rise to a basis for civil liability.").

All told, the Court finds that Plaintiff has failed to set forth any nonfrivolous allegations supporting federal question jurisdiction in this case. *See Bizzarro*, 804 F. App'x 190. The Court also cannot exercise diversity jurisdiction under 28 U.S.C. § 1332(a) over Plaintiff's state law claims because the parties are not completely diverse as he and several of the Defendants are citizens of Pennsylvania. (Docket No. 1-1 at 3-4, 7 (PA citizens include, among others, Erie Insurance Property and Casualty Co., Erie, PA; Joseph and Michelle Kovarik of Leechburg, PA; Cassandra Myers, Warrendale, PA; Jessica Iddlings, Murrysville, PA; Thomas LaFrankie, Ebensburg, PA; MG Auto Sales, Pittsburgh, PA)). Hence, neither federal question jurisdiction under 28 U.S.C. § 1331 nor diversity jurisdiction under 28 U.S.C. § 1332(a) are properly invoked in this case.

Alternatively, the Court would dismiss Plaintiff's federal causes of action for failure to state a claim and decline to exercise supplemental jurisdiction over any state law claims. In this regard, if the Court had subject matter jurisdiction over the claims against the City of Harrison Township under § 1983, they would be time-barred because his allegations focus on alleged premises liability due to the failure to maintain a stop sign on the date of the car accident, i.e., October 14, 2021, which is more than 2 years prior to his initiation of this lawsuit in July of 2024.

*See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (2-year statute of limitations applies to § 1983 claims in Pennsylvania). Any other attempted federal claims are also subject to dismissal because they are not plausible for the reasons set forth above. *Twombly*, 550 U.S. at 570. Since all of the federal claims are subject to dismissal for failure to state a claim, the Court would then decline to exercise supplemental jurisdiction over any remaining state law claims against the non-diverse Defendants. *See* 28 U.S.C. § 1367(c). Finally, for essentially the same reasons, it is also clear that leave to amend would be futile such that leave to amend will be denied. *See Reihner v. Cnty. of Washington, Pennsylvania,* 672 F. App'x 142, 144 (3d Cir. 2016) (leave to amend was properly denied as futile because "[n]ot only did the Reihners fail to present any suggestion that they had their own claims against the defendants, but they also sued defendants against whom claims under § 1983 could not proceed.").

Based on the foregoing, the Court will grant Plaintiff's motion seeking in forma pauperis status but finds that Plaintiff's Complaint is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). His federal claims are dismissed, with prejudice and the state law causes of action are dismissed, without prejudice, for lack of subject matter jurisdiction. An appropriate Order follows.

> *s/Nora Barry Fischer*
> Nora Barry Fischer
> Senior U.S. District Judge

Date:   July 22, 2024

cc/ecf: Anthony Eaves
        2005 Wyandotte Street
        Pittsburgh, PA 15219
        (first class mail)

6